**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Carmen LUGO–REGALADO,**
**Defendant–Appellant.**

No. 05–51256.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 3, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Jose Carmen Lugo–Regalado (Lugo) appeals the 70–month sentence imposed following his plea of guilty to illegally reentering the United States after deportation. He contends that his sentence was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

Lugo's sentence was within a properly calculated advisory guideline range and is presumed reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Lugo has failed to rebut the presumption that his sentence was reasonable. *See Alonzo,* 435 F.3d at 554.

Lugo challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Lugo's constitutional challenge is foreclosed by *Almendarez–Torres v. United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Lugo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Lugo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.